UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS INDIAN REVIVAL CENTER, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-cv-1487 |
| COLONY INSURANCE COMPANY, | § § § | |
| Defendant | § | |

### DEFENDANT COLONY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Colony Insurance Company files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support, Colony respectfully shows the following:

**I.  Background Facts**

This is an insurance coverage action filed by Plaintiff Dallas Indian Revival Center (Revival Center) regarding an insurance claim for damage to its property in Dallas, Texas. Ex. C, Original Pet. ¶¶ 9-12. Colony issued a commercial property insurance policy that Revival Center contends covers the damage to the building. *Id.* Plaintiff filed suit against Colony in the 162d Judicial District Court of Dallas County, Texas for breach of contract, violation of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices Act, and violation of the common law duty of good faith and fair dealing. *Id.* ¶¶ 33-45. The Revival Center seeks damages in excess of $250,000. *Id.* ¶ 67.

Revival Center also originally filed suit against the independent adjuster Colony retained to investigate the loss, Matthew Vail, who is resident of Texas. However, on June 16, 2022, Revival Center voluntarily dismissed Vail from this action.

## II. Removal is Timely

Revival Center filed its Original Petition on February 23, 2022 and served Colony on March 9, 2022. At the time the lawsuit was filed, the case was not removable because both Revival Center and former Defendant Matthew Vail are citizens of Texas. On June 16, 2022 Revival Center dismissed Vail from the lawsuit with prejudice, which created complete diversity among Revival Center and the only remaining defendant, Colony. *See* 28 U.S.C. § 1446(b)(3); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018).

Colony files this Notice of Removal within 30 days of the action becoming removable; therefore, this Notice of Removal is timely pursuant to Section 1446(b)(3).

## III. There is Complete Diversity Between the Parties

Removal is proper under Section 1332(a)(1) because there is currently complete diversity of citizenship between Revival Center, the only Plaintiff, and Colony, the only remaining Defendant. For purposes of diversity jurisdiction, Revival Center is a resident of Texas. Revival Center[1] is a nonprofit corporation formed under the laws of Texas, and its principal place of business is located at 2010 Ivanhoe Lane, in Dallas, Texas. It is therefore a citizen of Texas. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Colony is a citizen of Virginia, being an insurance company incorporated under the laws of Virginia and having its principal place of business at 8720 Stony Point Parkway, Suite 300, Richmond, Virginia 23235.

## IV. The Amount in Controversy Exceeds $75,000

In addition to complete diversity among the parties, the amount in controversy must exceed $75,000 in order for a federal court to exercise diversity jurisdiction. 28 U.S.C. § 1332. Removal is proper when the amount in controversy pleaded on the face of the petition exceeds $75,000. *See*

---

[1] The legal name of Revival Center is Dallas Indian Revival Center Assembly of God, Inc.

*In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir.2009). Revival Center pleads that it seeks more than $250,000 million in damages. Original Pet. ¶ 67. Therefore, the amount in controversy exceeds the required $75,000.

## V.     Venue is Proper

Venue in this district is proper in the United States District Court for the Northern District of Texas, Dallas, because this division encompasses Brown County, Texas and is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. §§ 124(b)(2), 1446(a).

## VI.    The Removal is Procedurally Correct

Pursuant to Section 1446(a), the Plaintiff's Original Petition and the Citations are attached. Pursuant to Section 1446(d), written notice of the filing will be given to Plaintiff promptly after Colony files this Notice of Removal, and a true copy will be filed with the Dallas County District Clerk, the state court from which this action was removed.

Pursuant to this Court's Local Rule 81.1, the following are attached to this Notice of Removal:

| Ex. A | Index to Notice of Removal |
|---|---|
| Ex. B | State court docket sheet |
| Ex. C | Original Petition Filed February 23, 2022 and First Amended Petition filed March 25, 2022. |
| Ex. D | Plaintiff's Notice of Dismissal of Matthew Vail with Prejudice |
| Ex. E | State court citations and returns of service |
| Ex. F. | Other documents filed in the state court action |

Finally, also Colony has also filed its certificate of interested parties in accordance with Local Rule 3.1(c).

## VII. Relief Requested

This notice was filed timely. The amount in controversy exceeds $75,000. Complete diversity of citizenship exists between Plaintiff and Colony. This Court has jurisdiction over this action pursuant to Section 1332. Accordingly, the action is properly removed pursuant to Section 1441.

Colony respectfully prays that this Court assume jurisdiction of this lawsuit, issue all such further orders and processes as may be necessary, and for any further relief to which Colony may be entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:   214-665-0199
**ATTORNEYS FOR DEFENDANT
COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I served the foregoing document in accordance with the Federal Rules of Civil Procedure.

*/s/ Stephen A. Melendi*
Stephen A. Melendi